Nicholson, C. J.,
delivered, tbe opinion of tbe court':
This case was submitted to tbe court on tbe call of tbe unlitigated docket for affirmance, as an unlitigated case. It was examined by Judge Freeman, wbo indorsed on tbe transcript “affirmed, as proof shows clearly tbe goods purchased and used in tbe business of tbe firm, and firm note given for them, though at first probably by mistake, tbe note of one partner was taken.”
Tbe judgment below was accordingly affirmed, but a petition is now presented for a rehearing.
The inquiry to be made in such submission, of course, is, whether or not tho record presents questions of sufficient doubt to remand the cause to tbe regular docket.
Upon examination of the record in this case, it appears that there are two counts in tbe declaration, one on a note of Torn Teague & Co. for $1,865. Tbe note was resisted by White, tbe partner of Teague, on tbe ground that Teague bad no authority to execute the firm note for the goods, whereby tbe account was .extinguished, and that he had aio authority afterwards to execute tbe firm note for the goods.
*590 Upon tlie proof and under tbe charge the jury found the issue in favor of .the plaintiff, and that the “defendant is indebted to him fbf $1,865 principal, and $792.22 interest on the note sued on.” The legal effect of this verdict was that the jury found for the plaintiff on the count of the declaration on the note, and for the defendant on the count on the account, and not a general verdict as assumed in the argument.
We have been furnished with a full argument in support of the petition for rehearing, in which several errors are alleged to exist in the charge of the circuit court judge as to the legal effect of executing a note in settlement or payment of an open account, and we are of the opinion that the circuit judge did error on the law applicable to that respect of the case. But it does not appear that these errors can be now complained of by defendant, as the jury found in his favor on the count based on the account, notwithstanding the erroneous charge.
The only question there is, whether there was any error in the charge as to the defendant’s liability as a partner on the count based on the note. The proof shows that Teague & White were partners, under the style of Tom Teague & Co., in contracting for the building of houses in Memphis; that in carrying on their engagements it was necessary to purchase material of various lands on credit; that Teague purchased the goods for which the note was given of Blood & Co., for the use of the firm of Teague & Co., and that they were used by the firm in carrying out their building contracts. It appears that Blood & Co. knew that White was Teague’s partner, although the goods were charged on their books to Teague alone, which was proven by one of the firm to have been done by mistake of their bookkeeper. It appears also that when the account was presented to Teague, he executed his individual note therefor; but it is shown by one of the firm of Blood & Co. that this was not observed until some weeks after- *591 wards, when Teague’s attention was called to the mistake, whereupon he signed the firm’s name. These are the facts as the jury found them, notwithstanding there was conflict in the evidence.
It is manifest that upon these facts that the jury could have found no other verdict than that defendant, "White, was liable on the note as a partner.
But it is insisted that the court erred in charging the jury that “the fact that the goods were charged upon the books of the firm of Blood & Go. to Teague alone, was but a mere circumstance that the credit was given to him alone.” We do not understand the judge as using the expression “mere circumstance” in any. other sense than that it was not conclusive evidence, but no more than a circumstance to which the jury might look. Nor do^ we see how this remark could have been prejudicial to the defendant, by misleading the jury, in view of the fact that they had proof before them by one of the firm of Blood & Go., that if the goods were charged to Teague alone it was a mistake of their bookkeeper.'
The result is, that we are satisfied with the judgment already rendered, and the petition for rehearing is disallowed.